**DISMISS and Opinion Filed June 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01146-CV**

**MA'KIYA CONGIOUS, Appellant**
**V.**
**WHATABURGER RESTAURANTS, LLC, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10702**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Reichek

Appellant appeals from the trial court's December 15, 2021 order granting

appellee's motion to compel arbitration. Because neither the Texas Arbitration Act

nor the Federal Arbitration Act permits an appeal from an order granting a motion

to compel arbitration, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098; § 51.016;

9 U.S.C. § 16, we questioned our jurisdiction over the appeal. At the Court's

request, the parties filed letter briefs addressing the jurisdictional issue.

In her letter brief, appellant acknowledges that orders granting a motion to

compel arbitration are not ordinarily subject to interlocutory appeal. Asserting that

a controlling question of law is involved, appellant explains that she has asked the

trial court to sign an amended order granting permission to appeal the interlocutory order.  As support, appellant relies on both the state and federal statutes allowing permissive appeals of orders that are not otherwise appealable.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); 28 U.S.C. § 1292(b).  To proceed under either of these statutes, the trial court must sign an order stating the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal form the order may materially advance the ultimate termination of the litigation.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(1)-(2); 28 U.S.C. § 1292(b).  The reviewing court must then accept the appeal.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); 28 U.S.C. § 1292(b). Appellant asks that we "allow the appeal to proceed upon entry of [an] order granting permission to appeal by the trial court."  As the requirements for filing a permissive appeal are strictly construed and not satisfied in the absence of a written order permitting the appeal, we decline appellant's request.  *See id*; TEX. R. APP. P. 28.3.

Because the trial court's order is not subject to interlocutory appeal, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

211146F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MA'KIYA CONGIOUS, Appellant

No. 05-21-01146-CV        V.

WHATABURGER
RESTAURANTS, LLC, Appellee

On Appeal from the 134th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-10702.
Opinion delivered by Justice
Reichek. Justices Molberg and
Garcia participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee WHATABURGER RESTAURANTS, LLC recover its costs of this appeal from appellant MA'KIYA CONGIOUS.

Judgment entered June 30, 2022